UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

OLACHI MEZU-NDUBUISI,

     Plaintiff,

   v.

UNIVERSITY OF ROCHESTER, et al.,

     Defendants.
_____

**DECISION AND ORDER**

6:24-cv-06387-EAW

  Pending before the Court are three motions to seal certain documents and exhibits related to Defendants' pending motion to dismiss and to strike.  (Dkt. 37; Dkt. 61; Dkt. 63). Specifically, Defendants move to seal an unredacted version of their memorandum of law filed in support of the motion to dismiss and to strike (Dkt. 37) and Plaintiff seeks to seal certain exhibits (Dkt. 61) and information contained in a previously-filed declaration (Dkt. 63), which were filed in opposition to Defendants' motion.  The information contained in the documents and information sought to be sealed consists of confidential information of party and non-party individuals.  The motions to seal are unopposed.

  "In considering a motion to seal, the court undertakes a three-part analysis.  First, the court must determine whether the document is in fact a judicial document. . . .  Second, once the Court finds that the document is a 'judicial document, the court must determine the weight of the presumption that attaches. . . .  Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing

considerations outweigh the presumption." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18CV11386(VSB)(KHP), 2023 WL 7126251, at *1 (S.D.N.Y. Oct. 30, 2023) (quotations and citations omitted). To overcome the presumption of public access to judicial documents, the Court must make "specific, on-the-record findings that sealing is necessary to preserve higher values" and any sealing order must be "narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

Documents submitted in connection with a motion to dismiss are judicial records to which a strong presumption of access applies. *Northwell Health, Inc. v. Blue Cross & Blue Shield of S.C.*, No. 23-CV-00603 (JS)(SIL), 2024 WL 3823201, at *11 (E.D.N.Y. Aug. 13, 2024) ("[T]hese documents are judicial documents because they comprise the parties' briefing on Defendant's motion to dismiss . . . and so are afforded a strong presumption of public access." (citation omitted)). But the Court concludes that the presumption of public access here has been overcome with respect to the subject filings.

The information sought to be sealed contains patient information protected under the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 ("HIPAA"), or otherwise presents concerns with respect to the privacy of confidential information of parties and non-parties. "HIPAA was enacted to ensure the confidentiality of protected health information maintained by covered entities." *Sadlowski v. Town of Middlefield*, No. 3:17-CV-2043 (VAB), 2018 WL 11507049, at *2-3 (D. Conn. Apr. 24, 2018) (citation and internal quotations omitted).

Where information to be filed is protected under HIPAA:

> [c]ourts in this Circuit generally take two approaches to sealing medical records. Some courts hold that there is no common law or First Amendment right to medical records protected by HIPAA. . . . Other courts apply the traditional balancing test outlined in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006). Under that test, in considering a request for sealing of judicial documents—such as filings in connection with a motion to dismiss—a court must analyze the weight of the presumption of access, and balance competing considerations to determine if sealing is warranted.

*Valentini v. Grp. Health Inc.*, No. 20-CV-9526 (JPC), 2020 WL 7646892, at *1 (S.D.N.Y. Dec. 23, 2020).

Here, under either approach, sealing is warranted because the balancing of interests weigh in favor of sealing the information at issue. *See Connecticut Gen. Life Ins. Co. v. BioHealth Lab'ys, Inc.*, No. 3:19-CV-01324 (JCH), 2024 WL 2106837, at *39 (D. Conn. Mar. 1, 2024) ("Therefore, even applying the *Lugosoch* balancing test, the court concludes that redacting and sealing the patient names preserves the patients' privacy interests and the parties' legal obligations while preserving public access to the remaining relevant information in the exhibits."); *Martinez v. City of New York*, No. 16-CV-79 (RPK) (CLP), 2022 WL 17090292, at *2 (E.D.N.Y. June 8, 2022) (finding that nonparty witness "privacy interests in their medical records . . . is sufficient to overcome the presumption of access to this information"); *see also Richmond v. Montefiore Med. Ctr.*, No. 21 CIV. 8700 (PGG), 2023 WL 6211978, at *5 (S.D.N.Y. Sept. 25, 2023) ("The complaining witnesses–who are not parties to this case–have a compelling privacy interest, and the disclosure of their names at summary judgment would add little to the public's understanding of this Court's ruling."). Moreover, the Court has reviewed the materials and finds that the proposed

redactions are narrowly tailored to protect the confidential information contained therein without impeding the public's ability to understand the issues before the Court on the pending motion.

Accordingly, the motions to seal (Dkt. 37; Dkt. 61; Dkt. 63) are granted. The Court will arrange for the filing under seal of Defendants' unredacted memorandum of law, and Plaintiff's Exhibits A, C, D, F, I, L, M, N, O, P, Q, S, and T. The Clerk is directed to seal the declaration filed at Dkt. 60-1 in order to protect the confidentiality of the information contained in paragraphs 18, 43, 45-49, 70, 72, 128, 129, 173, and 181 therein. The Court will arrange for the redacted version of Plaintiff's declaration, currently filed at Dkt. 63-3, to be filed on the public docket.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: October 8, 2024
       Rochester, New York