UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

OLACHI MEZU-NDUBUISI,

                 Plaintiff,

            v.

UNIVERSITY OF ROCHESTER, et al.,

                 Defendants.
_____

**DECISION AND ORDER**

6:24-cv-06387-EAW

Pending before the Court are three motions to seal (Dkt. 71; Dkt. 80; Dkt. 86) certain documents and exhibits related to Defendants' pending motion to dismiss (Dkt. 38) and Plaintiff's pending motions for injunctive relief (Dkt. 70; Dkt. 74). For the reasons explained herein, Plaintiff's motion to seal (Dkt. 71) is granted, Defendants' motion to seal (Dkt. 80) is granted, and Plaintiff's second motion to seal (Dkt. 86) is denied.

## DISCUSSION

"In considering a motion to seal, the court undertakes a three-part analysis. First, the court must determine whether the document is in fact a judicial document. . . . Second, once the Court finds that the document is a 'judicial document, the court must determine the weight of the presumption that attaches. . . . Third, once the Court has determined the weight to accord the presumption of public access, it must determine whether competing considerations outweigh the presumption." *Spectrum Dynamics Med. Ltd. v. Gen. Elec. Co.*, No. 18CV11386(VSB)(KHP), 2023 WL 7126251, at *1 (S.D.N.Y. Oct. 30, 2023) (quotations and citations omitted). To overcome the presumption of public access to

judicial documents, the Court must make "specific, on-the-record findings that sealing is necessary to preserve higher values" and any sealing order must be "narrowly tailored to achieve that aim." *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006).

Documents submitted in connection with a motion to dismiss or for injunctive relief are judicial records to which a strong presumption of access applies. *See Coach IP Holdings, LLC v. ACS Grp. Acquisitions LLC*, No. 23 CIV. 10612 (LGS), 2024 WL 3965936, at *1 (S.D.N.Y. Aug. 27, 2024) ("[T]he exhibits to motion for a temporary restraining order and preliminary injunction are judicial documents."); *Northwell Health, Inc. v. Blue Cross & Blue Shield of S.C.*, No. 23-CV-00603 (JS)(SIL), 2024 WL 3823201, at *11 (E.D.N.Y. Aug. 13, 2024) ("[T]these documents are judicial documents because they comprise the parties' briefing on Defendant's motion to dismiss . . . and so are afforded a strong presumption of public access." (citation omitted)); *Boothbay Absolute Return Strategies, LP v. Belgische Scheepvaartmaatschappij-Compagnie Mar. Belge SA*, No. 24-CV-1445 (JGLC), 2024 WL 1097128, at *8 (S.D.N.Y. Mar. 13, 2024) ("Documents and materials provided to aid in the adjudication of a motion for a temporary restraining order or preliminary injunction are judicial documents entitled to the highest presumption of access." (quoting *De Kafati v. Kafati Kafati*, No. 22-CV-9906 (VSB), 2022 WL 17552457, at *1 (S.D.N.Y. Dec. 9, 2022))).

### A. Plaintiff's Motion to Seal (Dkt. 71)

Plaintiff moves to seal Exhibit AG, a September 17, 2024 appeal by Plaintiff of the Medical Executive Committee's recommendation, submitted in support of her renewed

motion for a preliminary injunction. She argues that the exhibit contains medical data relating to non-party patients and their medical treatment. The motion is unopposed.

The Court concludes that the strong presumption of public access has been overcome with respect to this filing. Patient information is protected under the Health Insurance Portability and Accountability Act of 1996, Pub. L. No. 104-191, 110 Stat. 1936 ("HIPAA"). *Sadlowski v. Town of Middlefield*, No. 3:17-CV-2043 (VAB), 2018 WL 11507049, at *2-3 (D. Conn. Apr. 24, 2018) ("HIPAA was enacted to ensure the confidentiality of protected health information maintained by covered entities." (citation and internal quotations omitted)). And apart from the statutory protections of HIPAA, the information in this exhibit presents concerns about the privacy of confidential information of parties and non-parties that overcome the public's interest in the document. Accordingly, Plaintiff's motion to seal (Dkt. 71) is granted. Exhibit AG will be filed by the Court under seal.

### 2. Defendants' Motion to Seal (Dkt. 80)

In their motion to seal, Defendants seek to seal a number of documents filed by Plaintiff and three exhibits filed by Defendants.[1] Specifically, Defendants move to seal Plaintiff's declaration in opposition to Defendants' motion to dismiss (Dkt. 69); Plaintiff's declaration in support of her renewed motion for a preliminary injunction (Dkt. 70-2) and corresponding unredacted Exhibits AJ (Dkt. 70-8), AM (Dkt. 70-11), AP (Dkt. 70-14), AQ

---

[1] In a footnote, Defendants also suggest that an imposition of sanctions may be warranted. (Dkt. 80-14 at 9 n.2). If Defendants seek sanctions or any other alternative relief, they must do so in an appropriately supported motion and not via a footnote in a brief.

(Dkt. 70-15), AT (Dkt. 70-18), and AU (Dkt. 70-19); Plaintiff's exhibit list (Dkt. 73); and the unredacted versions of Exhibits F, G, and J to the declaration of Thomas S. D'Antonio (Dkt. 75-8; Dkt. 75-9; Dkt. 75-12). Plaintiff opposes the motion in its entirety. (Dkt. 85). In their reply, Defendants also request that the Court seal unredacted versions of Plaintiff's reply declaration in further support of her motion for a preliminary injunction (Dkt. 82-1) and exhibit 2 to her motion to seal (Dkt. 86-5). (*See* Dkt. 90 at 1-2). Defendants propose redacted versions of the aforementioned exhibits that they contend are more suitable for public filing.

As for Plaintiff's August 29, 2024 declaration in opposition to Defendants' motion to dismiss (Dkt. 69), this document was the subject of a previous motion to seal. Specifically, on September 6, 2024, Plaintiff moved to seal the unredacted version of this declaration. (Dkt. 63). At that time, Plaintiff filed a proposed redacted version of her declaration (Dkt. 63-3) and Defendants did not file opposition to the motion to seal. The Court granted the motion to seal, sealed the unredacted declaration (Dkt. 60-1), and filed Plaintiff's proposed redacted version on the docket (Dkt. 69). Defendants now move to include additional redactions in the declaration and to seal Plaintiff's redacted version filed by Plaintiff in proposed form at Dkt. 63-3 and by the Court at Dkt. 69. While the Court agrees with Plaintiff that it would have been expeditious for any issues with this declaration to have been resolved while addressing the prior motion to seal so as to avoid review of these matters seriatim, the Court has nevertheless reviewed Defendants' proposed redactions and agrees that they are appropriately tailored to and consistent with the Court's prior rulings with respect to the protections warranted for identifying information relating

to the medical records and treatment of non-parties. For these reasons, the Court will grant Defendants' motion with respect to Plaintiff's declaration in opposition to Defendants' motion to dismiss, seal Dkt. 63-3 and Dkt. 69, and file Defendants' proposed redacted version of this declaration.

As to the remaining documents Defendants move to seal, to the extent Plaintiff argues that the motion is untimely, the Court disagrees. The deadline set by the Court for Defendants to oppose Plaintiff's motion for a preliminary injunction did not also serve as a bar precluding Defendants from ever raising any issues as to the confidential information contained in those filings. While resolving these questions as early as possible is preferred for obvious reasons, the Court will not permit information to remain on the public docket that implicates the privacy rights of non-parties just because of the time that Defendants' motion to seal was filed.

Substantively, the Court has reviewed the information in the documents at issue and agrees that the proposed redacted versions of these documents are consistent with the Court's prior sealing orders, wherein the Court has ruled that protecting patient confidentiality is of critical import and overcomes the strong presumption of public access. *See, e.g.*, *Martinez v. City of New York*, No. 16-CV-79 (RPK) (CLP), 2022 WL 17090292, at *2 (E.D.N.Y. June 8, 2022) (finding that nonparty witness "privacy interests in their medical records . . . is sufficient to overcome the presumption of access to this information"). The Court finds that the proposed redactions are narrowly tailored to protect the confidential information contained therein without impeding the public's ability to understand the issues before the Court on the pending motions. This outcome does not

- 5 -

affect the Court's ability to consider the information in connection with the matters before it, but merely protects the information from public disclosure. The Court will arrange for the sealing of the unredacted documents and separately file the redacted versions on the docket.

### 3. Plaintiff's Motion to Seal (Dkt. 86)

Finally, by this motion, Plaintiff moves to seal two lines in Exhibit AJ, an October 8, 2024 letter from Defendants' counsel filed as an exhibit to Plaintiff's memorandum in support of a renewed motion for a preliminary injunction (Dkt. 70-8) and Exhibit 1, defense counsel's September 4, 2024 letter offered in support of Plaintiff's opposition to Defendants' motion to seal that she contends refutes Defendants' allegations in their motion to seal.

Because the Court has determined that Defendants' proposed redactions to Exhibit AJ are appropriate, this aspect of Plaintiff's motion is denied as moot. The Court will seal Plaintiff's proposed redactions of this exhibit. (Dkt. 86-5).

As to the September 4, 2024 letter, Plaintiff has not provided a copy of the document to the Court or defense counsel in connection with her motion to seal (*see* Dkt. 90 at ¶ 19) or explained why it warrants sealing in full. Although Defendants do not oppose Plaintiff's motion to seal this document, (*id.*) the Court cannot rule on the motion without reviewing the document's contents. Plaintiff's motion to seal this document is denied without prejudice.

## CONCLUSION

Accordingly, Plaintiff's motion to seal (Dkt. 71) is granted; Defendant's motion to seal (Dkt. 80) is granted; and Plaintiff's second motion to seal (Dkt. 86) is denied.  The Court will arrange for the filing under seal of the affected documents as set forth herein.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:        January 2, 2025
              Rochester, New York