UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

OLACHI MEZU-NDUBUISI, an individual,

          Plaintiff,

v.

UNIVERSITY OF ROCHESTER, GOLISANO CHILDREN'S HOSPITAL, DR. MICHAEL APOSTOLAKOS, in his personal capacity and as Chief Medical Officer of University of Rochester, DR. JILL HALTERMAN, in her personal capacity and as Chair of the Department of Pediatrics, University of Rochester, and DR. CARL D'ANGIO, in his personal capacity and as Chair of the Division of Neonatology, Department of Pediatrics, University of Rochester,

          Defendants.
_____

**DECISION AND ORDER**

6:24-CV-06387 EAW

      Pending before the Court is Defendants' motion to strike (Dkt. 38) certain paragraphs contained in the amended complaint (Dkt. 57) that Defendants contend consists of confidential, identifiable medical information of non-party individuals. Plaintiff opposes the motion on the ground that the allegations in question do not contain any identifying information. (Dkt. 60 at 22). Also pending before the Court is Plaintiff's motion, pursuant to Federal Rule of Civil Procedure 12(f), to strike certain pages from the memorandum Defendants filed in opposition to Plaintiff's renewed motion for a preliminary injunction as "scandalous, defamatory, and irrelevant." (Dkt. 83-3). Defendants oppose the motion on the grounds that Rule 12(f) does not apply to legal

- 1 -

arguments raised in a memorandum of law, and because there is no basis to strike the pages in question. (Dkt. 91 at 4-9). For the reasons given below, the Court denies both motions, although Defendants' motion is denied without prejudice to renewal.

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). "Motions to strike are generally looked upon with disfavor." *New York State Elec. & Gas Corp. v. U.S. Gas & Elec., Inc.*, 697 F. Supp. 2d 415, 438 (W.D.N.Y. 2010); *Metrokane, Inc. v. The Wine Enthusiast*, 160 F. Supp. 2d 633, 641-42 (S.D.N.Y. 2001). "[C]ourts should not tamper with the pleadings unless there is strong reason for so doing." *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976). "[T]he [movant] must demonstrate that no evidence in support of the allegation would be admissible, that the allegations have no bearing on the issues in the case, and that to permit the allegations to stand would result in prejudice to the movant." *Wine Mkts. Int'l, Inc. v. Bass*, 177 F.R.D. 128, 133 (E.D.N.Y. 1998).

Defendants seek to strike "allegations that include particularized patient identifiers, information on the care and condition of those patients, and recent conditions in the NICU having nothing to do with the application of consensus care guidelines." (Dkt. 38-1 at 44)[1]. Defendants argue that the allegations "include[] not just patient initials, but dates of death, ethnicities, and other details that would allow persons with even minimal familiarity with

---

[1] Specifically, Defendants seek to strike allegations contained in paragraphs 51, 54, 56-60, 79, 85, 89, 156, 169, and 195-202. (Dkt. 38 at 44). Each of the targeted allegations is filed under seal pursuant to this Court's Order of August 14, 2024. (Dkt. 41).

the circumstances to learn confidential and extremely sensitive information about them." (*Id.*). While Defendants raise legitimate arguments as to why the allegations in question should not be made public, they do not explain how that goal is not satisfied by the Court's previous Order placing the allegations at issue under seal. (*See* Dkt. 41). Moreover, it is premature to adjudicate the relief to which Plaintiff may be entitled at this stage in the proceedings, especially given that issue has not been joined. *See Ironforge.com v. Paychex, Inc.*, 747 F. Supp. 2d 384, 405 (W.D.N.Y. 2010). Accordingly, Defendant's motion to strike (Dkt. 38) is denied without prejudice to renewal.

Turning to Plaintiff's motion to strike, Rule 12(f) only permits a court to strike pleadings. *See* Fed. R. Civ. P. 12(f) ("the court may order stricken from any pleading any redundant, immaterial, impertinent, or scandalous matter"); *see also Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. Hicks, Muse, Tate & Furst, Inc.*, No. 02 Civ. 1334(SAS), 2002 WL 1482625, at *6 (S.D.N.Y. July 10, 2002) (same). Memoranda submitted in opposition to motions are not pleadings. *See* Fed. R. Civ. P. 7(a) (defining pleadings); *Sierra v. United States*, No. 97 CIV. 9329 (RWS), 1998 WL 599715, at *9 (S.D.N.Y. Sept. 10, 1998) (denying plaintiff's motion to strike defendant's motion to dismiss because a motion is not a pleading). And even if the Court were to reach the merits it would deny the motion. Defendants did not "defame Plaintiff by asserting or insinuating that Plaintiff would be a danger to the safety of NICU babies if she returned to clinical work. . . ." (Dkt. 83 at 1). Defendants' opposition memorandum simply quoted cases analyzing motions for injunctions seeking reinstatement where a physician's competence or clinical approach is called into question. (Dkt. 75 at 25-28). The gravamen of Plaintiff's complaint is that she

is being discriminated against on the basis of race despite the fact that she provides excellent medical care. Plaintiff has placed her competence and clinical approach at the center of this dispute, and cannot now complain when Defendants seek to prove her wrong. Thus, Plaintiff's motion to strike (Dkt. 83) is denied with prejudice.

    SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated:    January 2, 2025
              Rochester, New York